Michael M. Lee (#18042)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, UT 84114-5478
Telephone: (801) 535-7788
Facsimile: (801) 535-7640
Michael.Lee@slc.gov

*Attorney for Defendants Lane S. Wolfenbarger,*
*Paul D. Mullenax, and Salt Lake City*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| AGNES J. MARTINEZ, <br><br> Plaintiff, <br><br> vs. <br><br> LANE S. WOLFENBARGER, PAUL D. MULLENAX, and SALT LAKE CITY, <br><br> Defendants. | **DEFENDANTS' MOTION TO DISMISS OR STAY AND MEMORANDUM IN SUPPORT** <br><br> Case No. 2:24-cv-00547-DBB-DBP <br><br> Judge David Barlow <br><br> Magistrate Judge Dustin B. Pead |

Defendants Lane S. Wolfenbarger ("Officer Wolfenbarger"), Paul D. Mullenax ("Officer Mullenax"), and Salt Lake City (the "City") (collectively, "Defendants"), by and through their counsel of record, file this Motion to Dismiss or Stay and Memorandum in Support (the "Motion"). Defendants request that the Court grant the Motion and dismiss or stay the claims in Plaintiff Agnes J. Martinez's ("Plaintiff") Complaint.

## **TABLE OF CONTENTS**

INTRODUCTION AND STATEMENT OF RELIEF SOUGHT ................................................... 1

STATEMENT OF FACTS ................................................................................................................ 1

ARGUMENT ........................................................................................................................................ 3

    I.    THE *YOUNGER* ABSTENTION DOCTRINE MANDATES THAT THIS COURT DISMISS OR STAY PLAINTIFF'S CLAIMS. ....................................... 3

    II.    NO EXCEPTION TO *YOUNGER* ABSTENTION APPLIES IN THIS CASE. .... 8

CONCLUSION .................................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160 (10th Cir. 1999) ............................ 4, 8

*Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903 (D. Utah 2007) ................................................ 4

*Buck v. Myers*, 244 F. App'x 193 (10th Cir. 2007) ................................................................... 6, 7

*Chapman v. Barcus*, 372 F. App'x 899 (10th Cir. 2010) ............................................................... 5

*D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223 (10th Cir. 2004) ................................... 4, 5, 6, 7

*Dunham v. Saratoga Springs City*, No. 2:19-cv-00641-RJS-DBP, 2020 WL 5057606
 (D. Utah Aug. 27, 2020) ........................................................................................... 5, 6, 8, 9

*Dunham v. Saratoga Springs City*, No. 2:19-cv-00641-RJS-DBP, 2023 WL 5804345
 (D. Utah Sept. 7, 2023) ........................................................................................................ 7

*Ellis v. Morzelewski*, No. 2:21-cv-639-TC, 2022 WL 3645850 (D. Utah Aug. 24, 2022) ......... 7, 8

*Goings v. Sumner Cnty. Dist. Att'y's Off.*, 571 F. App'x 634 (10th Cir. 2014) ............................. 7

*Heck v. Humphrey*, 512 U.S. 477 (1994) ................................................................................... 6, 7

*Phelps v. Hamilton*, 59 F.3d 1058 (10th Cir. 1995) ............................................................... 5, 8, 9

*Phelps v. Hamilton*, 122 F.3d 885 (10th Cir. 1997) ............................................................... 7, 8, 9

*Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) ................................................................ 3, 4

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ......................................................... 4

*Taylor v. Jaquez*, 126 F.3d 1294 (10th Cir. 1997) ......................................................................... 5

*United States v. Ahidley*, 486 F.3d 1184 (10th Cir. 2007) ............................................................ 2

*Utah Animal Rts. Coal. v. Beaver Cnty.*, No. 2:22-cv-00497-JNP-DBP, 2023 WL 2634376
 (D. Utah Mar. 24, 2023) ................................................................................................ 7, 8, 9

*Weitzel v. Div. of Occupational & Pro. Licensing*, 240 F.3d 871 (10th Cir. 2001) .................. 4, 6

*Younger v. Harris*, 401 U.S. 37 (1971) ................................................................................. passim

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

**Statutes**

Utah Code Ann. § 58-37-8 .................................................................................................. 2

Utah Code Ann. § 76-8-305 (2017) ................................................................................. 2, 6

Utah Code Ann. § 76-8-305 (2024) .................................................................................... 2

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................ 4

Fed. R. Evid. 201 ................................................................................................................ 2

## INTRODUCTION AND STATEMENT OF RELIEF SOUGHT

In this action, Plaintiff claims her constitutional rights were violated based on Defendants' alleged use of excessive force and an illegal search of her car. She seeks both a declaratory judgment and monetary damages for her claims. But the Court should abstain from exercising jurisdiction over this action because there is a pending state court criminal action against Plaintiff arising from the same incident alleged here. Under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the Court should not hear this action when (1) there is an ongoing state court proceeding, (2) the state court provides an adequate forum to hear Plaintiff's claims, and (3) the state proceeding involves important state interests. All three elements are easily satisfied here. As a result, the Court has no discretion and must abstain from hearing this action. No exception to this doctrine applies, as Plaintiff cannot meet her heavy burden to show that the state court action was brought in bad faith or to harass and cannot establish that this case presents extraordinary circumstances where she has suffered irreparable injury. Thus, the Court should grant the Motion, dismiss Plaintiff's request for a declaratory judgment, and stay the remaining claims for damages under the *Younger* abstention doctrine, pending resolution of the state court criminal proceeding.

## STATEMENT OF FACTS[1]

1. Plaintiff alleges that on September 1, 2023, she was inside her parked car when Officer Wolfenbarger approached her car and asked her to roll down her window. (Compl. ¶¶ 7, 9, 12.)

2. Officer Wolfenbarger later asked Plaintiff to exit her vehicle and told her he

---

[1] Plaintiff's allegations are taken from the Complaint. Defendants do not admit the truth of any of these allegations.

intended to search her vehicle, which smelled like marijuana. (*Id.* ¶¶ 16, 20, 22.)

3. Officer Wolfenbarger searched Plaintiff's vehicle and located drug-related items. (*Id.* ¶¶ 30, 39.)

4. Officer Wolfenbarger subsequently went to handcuff Plaintiff, who resisted Officers Wolfenbarger's and Mullenax's attempts to arrest her. (*Id.* ¶¶ 40-49.)

5. On November 30, 2023, a state court criminal action captioned *State v. Martinez*, Case No. 231912654, was initiated against Plaintiff in the Third District Court for the State of Utah based on the events that occurred on September 1, 2023. (Ex. 1 [Docket].)[2]

6. Plaintiff was charged with, among other things, (1) Possession of a Controlled Substance Schedule I/II/Analog, Utah Code Ann. § 58-37-8(2)(b)(ii); (2) Possession or Use of a Controlled Substance Marijuana, Utah Code Ann. § 58-37-8(2)(d); and (3) Interference with Peace Officer, Utah Code Ann. § 76-8-305(1)(c).[3] (*Id.* at 1; Ex. 2 [Information] at 1-2.)

7. On October 31, 2024, the state court held a preliminary hearing, found probable cause existed for these three charges, and bound over the matter for further prosecution. (Ex. 3 [Preliminary Hearing Minutes] at 2.)

8. In the state court action, Plaintiff filed a motion to suppress, arguing that there was no lawful justification for the traffic stop and any subsequent searches were fruit of the poisonous

---

[2] The City requests that the Court take judicial notice of the documents from the state court action. Fed. R. Evid. 201; *see also, e.g.*, *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (federal court may "take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citations omitted).

[3] Section 76-8-305 was amended on May 1, 2024, and the current version of this statute is substantially similar to the previous version. *Compare* Utah Code Ann. § 76-8-305(1)(c) (2017), *with* Utah Code Ann. § 76-8-305(2)(a), (b)(iii) (2024).

tree.[4] (Ex. 4 [Mot. to Suppress] at 1-2.)

9. An evidentiary hearing on the motion to suppress occurred on December 12, 2024, and the state court set a briefing schedule and scheduled oral argument on the motion for February 6, 2025. (Ex. 1 [Docket] at 9.)

10. The state court action is pending, and no trial date has been set. (*See id.* at 1-10.)

11. Plaintiff has filed an action in this Court alleging that her constitutional rights under the Fourth Amendment to the U.S. Constitution and Article I, § 14 of the Utah Constitution were violated based on "the use of unnecessary and excessive force against [Plaintiff] and an illegal search of [Plaintiff's] car." (Compl. ¶¶ 93-95.)

12. In this action, Plaintiff seeks a "declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that Defendants' actions violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution as well as Article I, § 14 of the Utah Constitution." (Id. at 12.)

13. Plaintiff also seeks monetary damages based on her claims against Defendants. (Id. at 12-13.)

## ARGUMENT

**I.  THE *YOUNGER* ABSTENTION DOCTRINE MANDATES THAT THIS COURT DISMISS OR STAY PLAINTIFF'S CLAIMS.**

In general, "federal courts are obliged to decide cases within the scope of federal jurisdiction" without deference to state court proceedings. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citation omitted). But there are "certain instances in which the prospect of

---

[4] Incidentally, Plaintiff is represented in the state court criminal proceeding by the same law firm representing her in this federal action. (*See* Ex. 4 [Mot. to Suppress] at 1.)

3

undue interference with state proceedings counsels against federal relief." *Id.* (citation omitted). To that end, the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), "is a judicially created bar to federal court interference with ongoing state court proceedings." *Auvaa v. City of Taylorsville*, 506 F. Supp. 2d 903, 913 (D. Utah 2007). Indeed, the doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted). Simply put, "*Younger* abstention is jurisdictional" and should be addressed at the outset. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 100 n.3 (1998)); *see also* Fed. R. Civ. P. 12(b)(1).

Under *Younger*, a federal court *must* abstain from hearing an action when "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah*, 187 F.3d at 1163 (citation and internal quotation marks omitted); *see also Auvaa*, 506 F. Supp. 2d at 914 ("Under *Younger* and its progeny, federal courts should not interrupt ongoing state criminal proceedings when adequate state relief is available.") (citing *Younger*, 401 U.S. at 54). Once all three elements are met, *Younger* abstention is "non-discretionary … absent extraordinary circumstances." *Amanatullah*, 187 F.3d at 1163 (citation omitted); *see also Weitzel v. Div. of Occupational & Pro. Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) ("[T]he district court must abstain once the conditions are met,

4

absent extraordinary circumstances.") (citation and internal quotation marks omitted); *Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) ("[A]pplication of the *Younger* doctrine is absolute[;] when a case meets the *Younger* criteria, there is no discretion for the district court to exercise.") (citation and internal quotation marks omitted); *Phelps v. Hamilton*, 59 F.3d 1058, 1063 (10th Cir. 1995) ("*Phelps I*") ("Even though *Younger* is an equitable doctrine, its application is mandatory ….") (citation omitted); *Chapman v. Barcus*, 372 F. App'x 899, 901 (10th Cir. 2010) (unpublished) ("Tenth Circuit cases consistently state that the application of *Younger* is mandatory.") (citations omitted).

Here, all three *Younger* elements are easily satisfied. *First*, there is an ongoing state criminal proceeding with Plaintiff arising from the same incident at issue here. Pursuing this federal action while there is a pending state criminal case is a "classic example" that satisfies the first *Younger* element. *See D.L.*, 392 F.3d at 1228.

*Second*, the state court provides an adequate forum to hear the claims raised in the federal action. The Utah court provides "an adequate forum to litigate [Plaintiff's] constitutional [challenges] by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies." *See Dunham v. Saratoga Springs City*, No. 2:19-cv-00641-RJS-DBP, 2020 WL 5057606, at *5 (D. Utah Aug. 27, 2020) ("*Dunham I*") (unpublished) (citation and internal quotation marks omitted) (second alteration in original). Here, Plaintiff has asserted constitutional claims based on an alleged use of excessive force and an allegedly illegal search of her vehicle. (*See* Compl. ¶¶ 93-95.) These issues can or have been raised in the pending state criminal action. For example, Plaintiff has moved to suppress evidence in the state action, arguing that evidence obtained from the allegedly illegal search is fruit of the poisonous tree and should

be suppressed. (Ex. 4 [Mot. to Suppress].) The parties in the state action are briefing the issue, and the state court is set to hear oral argument on it in February. (Ex. 1 [Docket] at 9.) Also, Plaintiff can assert the excessive force claim as a defense to the interference with peace officer charge in arguing that the arrest was not "lawful."[5] In short, Plaintiff can adequately raise these constitutional claims in the state criminal action, thereby satisfying the second condition. See *D.L.*, 392 F.3d at 1229-30 ("*Younger* abstention is inappropriate when a federal plaintiff cannot pursue its federal contentions in the ongoing state proceeding. But no reason appears why Plaintiffs' contention here could not be interposed as defenses in state court.") (citations omitted); *Weitzel*, 240 F.3d at 876 ("It is also beyond dispute that the Utah state judiciary provides an adequate forum for [a plaintiff] to assert his constitutional claims.") (citations omitted).

*Third*, the State of Utah "undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts." See *Dunham I*, 2020 WL 5057606, at *5 (citations omitted); *see also Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) ("The state of Utah has an important interest in its criminal proceedings."). Thus, the third element is met, and the Court must abstain from hearing Plaintiff's claims until the state court proceedings are resolved.[6]

---

[5] The statute underlying the interference with peace officer charge provides that "[a] person is guilty of a class B misdemeanor if the person knows, or by the exercise of reasonable care should have known, that a peace officer is seeking to effect a lawful arrest or detention of that person or another person and interferes with the arrest or detention by: … (c) refusing to refrain from performing any act that would impede the arrest or detention." Utah Code Ann. § 76-8-305(1)(c) (2017).

[6] In addition, the Court should abstain from this action to avoid a potential bar under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if "a judgment in favor of the plaintiff [in a Section 1983 action] would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed." *Id.* at 487. Here, if Plaintiff is

6

With all elements satisfied, the Court should dismiss or stay Plaintiff's claims based on the type of requested relief. Under *Younger*, "federal courts, except in the most exceptional circumstances, must dismiss suits for declaratory or injunctive relief against pending state criminal proceedings." *Phelps v. Hamilton*, 122 F.3d 885, 888 (10th Cir. 1997) ("*Phelps II*") (citing *Younger*, 401 U.S. at 43, 53-54); *see also Goings v. Sumner Cnty. Dist. Att'y's Off.*, 571 F. App'x 634, 637 (10th Cir. 2014) (unpublished) (same); *Utah Animal Rts. Coal. v. Beaver Cnty.*, No. 2:22-cv-00497-JNP-DBP, 2023 WL 2634376, at *5 (D. Utah Mar. 24, 2023) (unpublished) (same). "Remaining claims for monetary damages associated with the same conduct should be stayed." *Ellis v. Morzelewski*, No. 2:21-cv-639-TC, 2022 WL 3645850, at *6 (D. Utah Aug. 24, 2022) (unpublished) (citing *D.L.*, 392 F.3d at 1228); *see also Buck*, 244 F. App'x at 198 ("Where the plaintiff in the federal suit seeks damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether.") (citing *D.L.*, 392 F.3d at 1228) (emphasis in original).

Here, Plaintiff seeks a "declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that Defendants' actions violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution as well as Article I, § 14 of the Utah Constitution." (Compl. at 12.) This request for a declaratory judgment seeks equitable relief and thus should be dismissed. *See Utah Animals Rts. Coal.*, 2023 WL 2634376, at *7 (dismissing plaintiff's claim for equitable relief under *Younger*

---

convicted for interference with a peace officer, then her civil action for excessive force could potentially invalidate that conviction since the alleged excessive force occurred during the alleged interference with the peace officer. *See id.*; *see also Dunham v. Saratoga Springs City*, No. 2:19-cv-00641-RJS-DBP, 2023 WL 5804345, at *4 (D. Utah Sept. 7, 2023) (unpublished) (holding that *Heck* barred plaintiff's excessive force claim when plaintiff was convicted of interfering with a peace officer during the arrest when the alleged excessive force occurred).

7

abstention doctrine); *Ellis*, 2022 WL 36545850, at *12 (same). The remainder of the Complaint seeks monetary damages for Plaintiff's constitutional claims and should be stayed pending resolution of the state criminal action. *See Utah Animals Rts. Coal.*, 2023 WL 2634376, at *7 (staying claim for damages in federal court pending resolution of state court criminal proceeding); *Ellis*, 2022 WL 36545850, at *12 (same); *Dunham I*, 2020 WL 5057606, at *6 (staying federal action pending resolution of state criminal case).

## II.     NO EXCEPTION TO *YOUNGER* ABSTENTION APPLIES IN THIS CASE.

None of the recognized exceptions to *Younger* abstention applies here. "The *Younger* abstention doctrine does not apply in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Amanatullah*, 187 F.3d at 1165 (citation and internal quotation marks omitted). Such irreparable injury "must be 'both great and immediate,'" and the "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by … defense against a single prosecution.'" *Phelps II*, 122 F.3d at 889 (quoting *Younger*, 401 U.S. at 46) (alteration in original).

To assess whether a state action was commenced in bad faith or to harass, the court considers:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* (citing *Phelps I*, 59 F.3d at 1065). "Parties alleging bad faith generally must satisfy either the first factor, or both the second and third factors."

\*7 (citing *Phelps I*, 59 F.3d at 1066). Plaintiff "bears a 'heavy burden of proof' and cannot rely 'on mere allegations.'" *Dunham I*, 2020 WL 5057606, at \*5 (quoting *Phelps I*, 59 F.3d at 1066). Instead, she "'must *prove* bad faith or harassment.'" *Id.* (quoting *Phelps I*, 59 F.3d at 1066) (emphasis in original).

Here, Plaintiff cannot show bad faith or harassment. The state court has found probable cause for charges of possession of controlled substances and interference with a peace officer and has bound over the matter for further prosecution. (*See* Ex. 3 [Preliminary Hearing Minutes].) Thus, the criminal proceedings are not frivolous or undertaken with no reasonably objective hope of success. Nor is there any evidence that the state court action was motivated by retaliatory animus or conducted in a way to harass Plaintiff. She also has not suffered irreparable injury under extraordinary circumstances, as she can eliminate any supposed threat to her constitutional rights by "defense against a single prosecution," namely the pending state court criminal action. *See Phelps II*, 122 F.3d at 889 (citing *Younger*, 401 U.S. at 46). In short, Plaintiff cannot meet her heavy burden to show that *Younger* abstention should not apply.

## CONCLUSION

Because the three *Younger* elements are all satisfied, the Court should grant the Motion and dismiss Plaintiff's claims for equitable relief and stay the rest of this action pending resolution of the state court criminal proceeding.

DATED this 24th day of December, 2024.

        SALT LAKE CITY CORPORATION

        /s/ Michael M. Lee
        MICHAEL M. LEE
        *Attorney for Defendants Lane S. Wolfenbarger, Paul D. Mullenax, and Salt Lake City*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of December, 2024, a true and correct copy of **DEFENDANTS' MOTION TO DISMISS OR STAY AND MEMORANDUM IN SUPPORT** was electronically filed with the Court's ECF system, which sent notice to the following:

Karra J. Porter
M. Tanner Clagett
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
karra.porter@chrisjen.com
tanner.claggett@chrisjen.com
*Attorneys for Plaintiff*

                                      /s/ Lindsay Ross