Michael M. Lee (#18042)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, UT 84114-5478
Telephone:  (801) 535-7788
Facsimile:  (801) 535-7640
Michael.Lee@slc.gov

*Attorney for Defendants Lane S. Wolfenbarger,*
*Paul D. Mullenax, and Salt Lake City*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AGNES J. MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>LANE S. WOLFENBARGER, PAUL D. MULLENAX, and SALT LAKE CITY,<br><br>Defendants. | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR STAY**<br><br>Case No. 2:24-cv-00547-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

Defendants Lane S. Wolfenbarger ("Officer Wolfenbarger"), Paul D. Mullenax ("Officer Mullenax"), and Salt Lake City (the "City") (collectively, "Defendants"), by and through their counsel of record, file this Reply Memorandum in support of their Motion to Dismiss or Stay (the "Motion"). For the reasons stated herein and in the Motion, Defendants request that the Court grant the Motion and dismiss or stay the claims in Plaintiff Agnes J. Martinez's ("Plaintiff") Complaint.

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

STATEMENT OF ADDITIONAL FACTS ................................................................................... 2

ARGUMENT .................................................................................................................................. 2

    I.    THE ELEMENTS FOR THE *YOUNGER* ABSTENTION DOCTRINE ARE ALL SATISFIED. ................................................................................................... 2

        A.    The State Criminal Proceeding Provides an Adequate Forum to Address Plaintiff's Excessive Force Claim. ............................................................... 3

        B.    The Second *Younger* Abstention Element Is Also Satisfied for Plaintiff's Other Constitutional Claims. ..................................................................... 6

        C.    The Third *Younger* Abstention Element Is Easily Satisfied. ...................... 7

    II.    PLAINTIFF HAS WAIVED ANY ARGUMENT THAT THE EXCEPTIONS TO *YOUNGER* ABSTENTION DO NOT APPLY. .............................................. 8

    III.    PLAINTIFF AGREES THAT UNDER *YOUNGER* ABSTENTION, THE CASE SHOULD BE DISMISSED OR STAYED. ............................................... 9

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160 (10th Cir. 1999) .............................. 6

*Buck v. Myers*, 244 F. App'x 193 (10th Cir. 2007) ...................................................................... 7

*Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070 (10th Cir. 2009) .......................... 8

*D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223 (10th Cir. 2004) ............................................. 4

*Dunham v. Saratoga Springs City*, No. 2:19-cv-00641-RJS-DBP, 2020 WL 5057606
 (D. Utah Aug. 27, 2020) ........................................................................................... passim

*Dunham v. Saratoga Springs City*, No. 2:19-cv-00641-RJS-DBP, 2023 WL 5804345
 (D. Utah Sept. 7, 2023) ................................................................................................. 4, 5

*Elna Sefcovic, LLC v. TEP Rocky Mtn., LLC*, 953 F.3d 660 (10th Cir. 2020) .............................. 8

*FBI v. Fikre*, 601 U.S. 234 (2024) ................................................................................................ 8

*Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500 (10th Cir. 2023) ......................................... 8

*Heck v. Humphrey*, 512 U.S. 477 (1994) ...................................................................................... 7

*John Bean Techs. Corp. v. B GSE Grp., LLC*, 480 F. Supp. 3d 1274 (D. Utah 2020) ................... 9

*Lyons v. Kimmey*, No. 21-1219, 2021 WL 3671362 (10th Cir. Aug. 19, 2021) ............................ 5

*Phelps v. Hamilton*, 59 F.3d 1058 (10th Cir. 1995) ..................................................................... 8

*SEC v. Mine Shaft Brewing LLC*, No. 2:21-cv-00457-DBB, 2022 WL 2390830
 (D. Utah July 1, 2022) ....................................................................................................... 8

*State v. Alonzo*, 973 P.2d 975 (Utah 1998) ................................................................................... 4

*Utah Animal Rts. Coal. v. Beaver Cnty.*, No. 2:22-cv-00497-JNP-DBP, 2023 WL 2634376
 (D. Utah Mar. 24, 2023) ................................................................................................ 8, 9

*Walker v. Progressive Direct Ins. Co.*, 472 F. App'x 858 (10th Cir. 2012) .................................. 9

*Winn v. Cook*, 945 F.3d 1253 (10th Cir. 2019) ......................................................................... 3, 6

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Younger v. Harris*, 401 U.S. 37 (1971) ............................................................................................ 1

## **INTRODUCTION**

Plaintiff Agnes J. Martinez ("Plaintiff") does not dispute most of the City's Motion. She acknowledges that the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), applies when (1) there is an ongoing state court proceeding, (2) the state court provides an adequate forum to hear a plaintiff's federal claims, and (3) the state court proceeding involves important state interests. Plaintiff concedes that she has an ongoing state criminal proceeding arising from the same incident at issue here. She also fails to argue that any exception to the *Younger* abstention doctrine applies. And she concedes that if *Younger* abstention is established, the appropriate remedy is dismissal for equitable relief claims or a stay for monetary damages claims.

Nonetheless, Plaintiff argues the second and third elements for *Younger* abstention are not established. She first claims that the state criminal action does not provide an adequate forum to address her constitutional claims. Not so. Plaintiff can assert her constitutional claims for excessive force and illegal search as defenses to the charges against her in the state action. The interference with peace officer criminal charge against her directly overlaps with her excessive force claim, given that they arise from the same set of facts. More importantly, Plaintiff can defend against this charge by arguing that the officers did not seek to effect a lawful arrest—a key element of this charge—if they used excessive force. Contrary to Plaintiff's assertion, the criminal charge and her constitutional claims do not need to mirror each other completely. With respect to the illegal search and other constitutional claims, Plaintiff has already filed a motion to suppress evidence resulting from the allegedly illegal search. While the state court has now denied that motion, she can still raise these issues as defenses at trial. In short, Plaintiff cannot credibly contend that she does not have an adequate forum to address these claims.

Plaintiff also asserts that the state court proceeding does not involve important state interests because she claims it is irrelevant to this action. But she fails to rebut or respond to the authorities that have repeatedly found that the State of Utah has an important state interest in the enforcement of its criminal laws in state criminal proceedings, such as hers.

Thus, for all these reasons, the Court should grant the Motion and dismiss Plaintiff's request for a declaratory judgment claim and stay the remainder of this action pending resolution of the state court criminal proceedings.

## STATEMENT OF ADDITIONAL FACTS

Additional events have occurred since the City filed the Motion on December 24, 2024.

1. In January 2025, the State of Utah and Plaintiff filed additional briefing for Plaintiff's motion to suppress in the state court action. (Ex. 5 [Updated Docket for State Court Action] at 10.)

2. On February 6, 2025, the court in the state criminal action heard oral argument on the motion to suppress and denied the motion. (*Id.* at 10-11.)

3. The state court proceeding remains pending, with a pretrial conference set for March 7, 2025. (*Id.* at 11.)

## ARGUMENT

**I.   THE ELEMENTS FOR THE *YOUNGER* ABSTENTION DOCTRINE ARE ALL SATISFIED.**

While Plaintiff admits the first element of an ongoing state court proceeding is satisfied, she disputes the other two elements for *Younger* abstention. Plaintiff's arguments lack merit.

### A. The State Criminal Proceeding Provides an Adequate Forum to Address Plaintiff's Excessive Force Claim.

*First*, Plaintiff asserts that her excessive force claim in this action cannot be addressed in her state criminal case because the claim is irrelevant there. (Opp. at 5-6.) Plaintiff is mistaken. To start, Plaintiff narrowly describes her excessive force claim as limited to "damages resulting from the breaking and amputation of her leg," and that such "injuries are not at issue in any of the pending state charges." (Opp. at 5.) But her excessive force claim is not limited only to the type of ***injury*** she allegedly suffered. This claim is based on the totality of the Defendant officers' alleged ***conduct*** toward her, including allegations that one officer "shoved" her against a vehicle and both officers "braced her arms behind her back" after she "tensed" up. (Compl. ¶¶ 46-47.) All this alleged conduct occurred while officers were attempting to arrest or detain her and falls squarely within the interference with peace officer charge against Plaintiff, which is based on the same set of facts. (*See* Mot., Ex. 2 [Information] at 2.) Plaintiff's cause of action for excessive force encompasses this conduct, as the Complaint alleges that the officers committed "unlawful actions includ[ing] the use of unnecessary and excessive force against" Plaintiff and incorporates these earlier allegations. (*See* Compl. ¶¶ 92-95.) Thus, contrary to Plaintiff's attempts to distinguish her excessive force claim from the interference with peace officer charge, they are wholly intertwined.

Moreover, the second element of *Younger* abstention is satisfied so long as Plaintiff ***can*** raise her constitutional challenge in the state court proceeding. "[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims, a plaintiff typically has an adequate opportunity to raise federal claims in state court." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation and internal quotation marks omitted). "This does not require that the plaintiff have the opportunity to raise the same claims in the state case as he has raised in the federal case. Instead,

3

this condition may be satisfied if a federal plaintiff can raise his constitutional challenges as defenses in the state action." *Dunham v. Saratoga Springs City*, No. 2:19-cv-00641-RJS-DBP, 2020 WL 5057606, at *4 (D. Utah Aug. 27, 2020) ("*Dunham I*") (unpublished) (citations omitted); *see also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229-30 (10th Cir. 2004) ("no reason appears why Plaintiffs' contention here could not be interposed as defenses in state court").

Here, Plaintiff claims she cannot raise her excessive force claim in her state criminal case because it is "not a claim that can be affirmatively asserted, nor is it a defense to any of the pending charges." (Opp. at 6.) Not true. The interference with peace officer charge is based on the charge that Plaintiff "did knowingly or by the exercise of reasonable care should have known a peace officer was seeking to effect a lawful arrest or detention of the person … and interfered with the arrest or detention by refusing to refrain from performing any act that would impede the arrest or detention." (Mot., Ex. 2 at 2.) As one court analyzing the interplay between an excessive force claim and an interference charge recognized, "[o]fficers are not 'seeking to effect a lawful arrest' if they act outside the scope of their authority, and the Utah Supreme Court has approved jury instructions stating officers act outside their authority when they use excessive force." *Dunham v. Saratoga Springs City*, No. 2:19-cv-00641-RJS-DBP, 2023 WL 5804345, at *4 (D. Utah Sept. 7, 2023) ("*Dunham II*") (unpublished) (citations omitted). The *Dunham II* court cited *State v. Alonzo*, 973 P.2d 975, 981 (Utah 1998), in which the Utah Supreme Court approved an instruction stating, "'If you find in this case that the officers used excessive force in making arrests, then they are acting beyond the scope of their authority and the defendants are justified to use reasonable force in protecting themselves or others.'" *Dunham II*, 2023 WL 5804345, at *4 n.49 (citing *Alonzo*, 973 P.2d at 981). The *Dunham II* court went on to hold that if the defendant officer used excessive

4

force during the arrest, then he would be acting outside his authority and not "seeking to effect a lawful arrest," a required element of the interference with peace officer charge. *Id.*

Similarly here, Plaintiff can raise the excessive force allegations as a defense to her interference with peace officer charge, since both her constitutional claim and the criminal charge arise from officers' attempts to arrest or detain her during the subject incident. Indeed, "an opportunity to raise a defense during a state criminal proceeding satisfies [the second *Younger*] condition even if the federal claims are for monetary relief." *Dunham I*, 2020 WL 5057606, at *5 (citations omitted); *see also Lyons v. Kimmey*, No. 21-1219, 2021 WL 3671362, at *2-3 (10th Cir. Aug. 19, 2021) (unpublished) (affirming district court's decision to abstain from hearing civil case based on *Younger* when plaintiff alleged excessive force in federal action and also had ongoing state criminal case with charges of resisting arrest and obstructing peace officer).

Plaintiff's other arguments are similarly meritless. She contends that she cannot raise the excessive force claim because the same procedural tools in this action, such as a special verdict form or special interrogatories, are not available in state court. (Opp. at 6.) But that is not the test. If that were the case, then no constitutional claim could be pursued in a state criminal proceeding. Plaintiff further argues that the lack of any discussion of the excessive force cause of action in briefs filed in the state criminal case so far means that the state proceedings are somehow inadequate. (*Id.*) But at issue in the state proceedings to date was the motion to suppress based on an allegedly illegal search. The facts at issue for this motion all occurred before the events comprising the interference with peace officer charge. This explains why the State has thus far not briefed the issue. But it is undisputed that the interference with peace officer charge survived a preliminary hearing, and Plaintiff was bound over for further prosecution of this and other charges.

5

Plaintiff thus has the opportunity to defend against this charge and can certainly raise it at any time, including at trial. The fact that this defense has not yet been raised does not mean the state forum is inadequate.

In sum, because Plaintiff's excessive force claim can be addressed as a defense to her interference with peace officer charge in the state criminal proceeding, the second *Younger* abstention element is satisfied.

### B. The Second *Younger* Abstention Element Is Also Satisfied for Plaintiff's Other Constitutional Claims.

*Second*, Plaintiff does not dispute that she pursued a motion to suppress based on claims that directly overlap with her Fourth Amendment illegal search claim in this action. (*Id.* at 6-8.) Nonetheless, Plaintiff contends the second *Younger* abstention element is not satisfied because neither the state court nor this Court is bound by the other court's determination of the issue and the elements of the state criminal charges do not mirror the elements of or defenses to Plaintiff's constitutional claims. (*Id.*) Like Plaintiff's earlier arguments, this is not the standard, and she presents no authority to support these arguments.

As discussed above, the second *Younger* abstention element requires only an "adequate" forum to litigate Plaintiff's constitutional challenges. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *Dunham I*, 2020 WL 5057606, at *5. It does not require an identical forum. Plaintiff has not cited any reason why she cannot raise her constitutional challenges as defenses to her state criminal charges, nor has she cited any state law that bars her from raising these issues. *See Winn*, 945 F.3d at 1258. Indeed, Plaintiff has **not** been prohibited from raising these constitutional challenges since she moved to suppress evidence obtained from the search of Plaintiff's vehicle, which included briefing, an evidentiary hearing, and oral

6

argument. (Mot., Exs. 3, 4, 5.) Although the motion to suppress was denied, she can still raise these issues as defenses as her case proceeds to trial. In short, Plaintiff has not presented any evidence or law that suggests that the state forum is inadequate for these claims. The second *Younger* abstention element is thus satisfied.

Plaintiff also ignores the practical implications that may arise if both the state criminal action and federal case proceed on dual tracks simultaneously. If Plaintiff is ultimately convicted in the state criminal action, then this federal action could be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). As the City stated in the Motion, a favorable verdict for Plaintiff's civil claim could potentially invalidate a conviction of her criminal charges in the state action, and thus is not permitted under *Heck*. *Id.* at 487. Contrary to Plaintiffs' belief, the more prudent course would be to allow the state court proceeding to proceed while abstaining from exercising jurisdiction in this case to avoid these potential issues.

      **C.    The Third *Younger* Abstention Element Is Easily Satisfied.**

*Third*, Plaintiff fails to demonstrate that the State of Utah does not have an important interest here. Plaintiff conclusorily argues that "[b]ecause [Plaintiff's] injuries are irrelevant to, and indeed barred from consideration in the state proceeding, no state – let alone an important state interest – is present." (Opp. at 6.) But as explained above, Plaintiff's excessive force and other constitutional claims at issue here can be adequately addressed in the state criminal action. Thus, they are not "irrelevant" to her criminal case. And Plaintiff fails to present any authority that rebuts the City's authority that the State of Utah "undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts." *Dunham I*, 2020 WL 5057606, at *5 (citations omitted); *see also Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007)

7

(unpublished) ("The state of Utah has an important interest in its criminal proceedings."); Utah Animal Rts. Coal. v. Beaver Cnty., No. 2:22-cv-00497-JNP-DBP, 2023 WL 2634376, at *6 (D. Utah Mar. 24, 2023) (unpublished) (same). Thus, the third element for *Younger* abstention is easily satisfied.[1]

## II. PLAINTIFF HAS WAIVED ANY ARGUMENT THAT THE EXCEPTIONS TO *YOUNGER* ABSTENTION DO NOT APPLY.

Plaintiff offers no response to the City's arguments on why no exception to the *Younger* abstention doctrine applies in this case. Although case law recognizes limited exceptions to *Younger* abstention, such as bad faith or harassment, Plaintiff "bears a 'heavy burden of proof'" to demonstrate how any of these exceptions applies. *Dunham I*, 2020 WL 5057606, at *5 (quoting *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995)). Here, Plaintiff has not presented any evidence or argument that an exception to *Younger* abstention applies. As a result, Plaintiff has not met her burden. She also has waived any potential responses and conceded to the City's argument.

---

[1] None of the legal authorities cited by Plaintiff supports her arguments. The cases Plaintiff cites for the proposition that federal courts have a "virtually unflagging obligation" to exercise jurisdiction do not discuss *Younger* abstention and are therefore inapposite. *See FBI v. Fikre*, 601 U.S. 234, 240 (2024) (no discussion of *Younger* abstention); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080-82 (10th Cir. 2009) (same); *SEC v. Mine Shaft Brewing LLC*, No. 2:21-cv-00457-DBB, 2022 WL 2390830, at *3 (D. Utah July 1, 2022) (unpublished) (denying request to stay federal action without any discussion of *Younger* abstention, as moving party "cite[d] no authority as to why a stay is warranted and ma[de] no argument to explain why the court should issue a stay pending the outcome of a criminal case to which he is not a party"). And in *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500 (10th Cir. 2023), the Tenth Circuit reversed the district court's order concluding *Younger* abstention applied because the first element of an ongoing state court proceeding was not satisfied and did not discuss application of the other two elements. *Id.* at 524-25. Similarly, in *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660 (10th Cir. 2020), the Tenth Circuit considered only whether the first *Younger* abstention element of an ongoing state court proceeding was present. *Id.* at 669-72. But here, Plaintiff concedes the first element is established. Therefore, *Graff* and *Elna Sefcovic* do not help Plaintiff.

*See, e.g.*, *Walker v. Progressive Direct Ins. Co.*, 472 F. App'x 858, 862 (10th Cir. 2012) (unpublished) (failure to raise argument in opposition to dispositive motion constitutes waiver); *John Bean Techs. Corp. v. B GSE Grp., LLC*, 480 F. Supp. 3d 1274, 1316 n.293 (D. Utah 2020) (when party responds to some but not all arguments raised on dispositive motion, court "may fairly view the unacknowledged arguments as conceded") (citation and internal quotation marks omitted).

### III. PLAINTIFF AGREES THAT UNDER *YOUNGER* ABSTENTION, THE CASE SHOULD BE DISMISSED OR STAYED.

Finally, Plaintiff acknowledges that when all three *Younger* abstention elements are satisfied, claims for declaratory and injunctive relief should be dismissed, and claims for damages are stayed. (*See* Opp. at 5.) Here, Plaintiff does not dispute that she seeks a "declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that Defendants' action violated Plaintiff's rights under the Fourth Amendment to the U.S. Constitution as well as Article I, § 14 of the Utah Constitution." (Compl. at 12.) As a result, this claim for relief should be dismissed. *See, e.g.*, *Utah Animal Rts. Coal.*, 2023 WL 2634376, at *5, 7 (dismissing plaintiff's claim for equitable relief under *Younger* abstention doctrine). The remainder of the Complaint seeks monetary damages for the constitutional claims and should be stayed pending resolution of the state criminal case. *See, e.g.*, *id.* at *7 (staying claim for damages in federal court pending resolution of state court criminal proceedings).

### CONCLUSION

Plaintiff has not sufficiently rebutted the City's arguments regarding the application of *Younger* abstention here. All three elements for *Younger* abstention are satisfied, as there is indisputably an ongoing state criminal proceeding with Plaintiff, that proceeding provides an

adequate forum to hear her constitutional challenges, and the State of Utah has an important interest in the enforcement of its criminal laws in state courts. No exception to the *Younger* abstention doctrine applies. As a result, the Court should grant the Motion, dismiss Plaintiff's declaratory judgment claim, and stay the remainder of this action pending resolution of the state criminal proceedings.

DATED this 18th day of February, 2025.

SALT LAKE CITY CORPORATION

 /s/  Michael M. Lee
MICHAEL M. LEE
*Attorney for Defendants Lane S. Wolfenbarger, Paul D. Mullenax, and Salt Lake City*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 18th day of February, 2025, a true and correct copy of **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR STAY** was electronically filed with the Court's ECF system, which sent notice to the following:

Karra J. Porter
M. Tanner Clagett
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
karra.porter@chrisjen.com
tanner.claggett@chrisjen.com
*Attorneys for Plaintiff*

               /s/ Lindsay Ross