THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AGNES J. MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>LANE S. WOLFENBARGER, PAUL D. MULLENAX, and SALT LAKE CITY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' [26] MOTION TO STRIKE AMENDED COMPLAINT**<br><br>Case No. 2:24-cv-00547-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Defendants Lane S. Wolfenbarger ("Officer Wolfenbarger"), Paul D. Mullenax ("Officer Mullenax"), and Salt Lake City's (the "City") (collectively, "Defendants"), Motion to Strike.[1] Defendants move to strike Plaintiff Agnes J. Martinez's ("Ms. Martinez") Amended Complaint.[2] For the reasons stated below, the court grants Defendants' motion.[3]

## BACKGROUND

Ms. Martinez alleges she was injured during an arrest in September 2023 involving the Defendants.[4] Ms. Martinez filed her Complaint in July 2024, alleging violation of her Fourth Amendment rights and seeking monetary compensation.[5] In December 2024, Defendants filed a Motion to Dismiss or Stay until the pending state criminal proceeding against Ms. Martinez was

---

[1] Mot. to Strike Am. Compl. or Dismiss ("Mot. to Strike"), ECF No. 26, filed May 29, 2025.
[2] Am. Compl., ECF No. 24, filed May 23, 2025.
[3] Having considered the briefing and relevant law, the court decides the matter without oral argument. *See* DUCivR 7-1(g).
[4] Compl., ¶¶ 31–60, 63–86, ECF No. 1, filed July 31, 2024.
[5] Compl.

1

resolved.[6] The court granted Defendants' motion to dismiss the claims for declaratory relief and stayed the claims for monetary relief until the state criminal proceeding concluded.[7]

On May 20, 2025, the court was notified that Ms. Martinez's criminal proceeding was finalized.[8] The following day, the court lifted the stay.[9] On May 23, 2025, Ms. Martinez filed an Amended Complaint without leave of the court or Defendants' written consent.[10] In the Amended Complaint, Ms. Martinez added an equal protection claim against Officer Mullenax.[11] Defendants filed a Motion to Strike the Amended Complaint on the basis that it does not comply with Rule 15(a).[12] In the alternative, Defendants' Motion to Strike seeks to dismiss Ms. Martinez's constitutional claims based on the alleged illegal search of her vehicle and equal protection.[13]

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs how and when a party may amend a pleading. In relevant part, the rule states, "A party may amend its pleading once as a matter of course no later than 21 days after serving it."[14] Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[15] Consequently, "an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."[16]

---

[6] Mot. to Dismiss or Stay, ECF No. 13, filed Dec. 24, 2024.
[7] Order Granting Motion to Dismiss, Granting Motion to Stay, ECF No. 19, filed Apr. 28, 2025.
[8] Notice of Finalization of Criminal Proceeding by Agnes J. Martinez, ECF No. 21, filed May 20, 2025.
[9] Order Lifting Stay, ECF No. 22, filed May 21, 2025.
[10] Am. Compl.
[11] *Id.* ¶ 101.
[12] Mot. to Strike 7–8.
[13] *Id.* at 1.
[14] Fed. R. Civ. P. 15(a)(1).
[15] *Id.* R.15(a)(2).
[16] *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).

Here, Ms. Martinez admits she filed her Amended Complaint almost ten months after her original Complaint and without leave or consent, but she argues that the court should allow the Amended Complaint pursuant to Rule 15's "liberal permission to amend" found in the last sentence of Rule 15(a)(2).[17] Ms. Martinez is mistaken. Rule 15(a)(2)'s admonition for courts to "freely give leave when justice so requires" does not negate the Rule's requirements for amending pleadings. Instead, that phrase provides the standard for courts to follow when they consider a properly amended pleading. Indeed, the previous sentence in Rule 15(a)(2) states, "In all other cases, a party may amend its pleading *only* with the opposing party's written consent or the court's leave."[18] Thus, the clear language of Rule 15 requires leave or consent to file an amended pleading after the relevant deadline.

By filing her Amended Complaint prior to seeking leave from the court or consent from Defendants, Ms. Martinez clearly failed to follow the requirements of Rule 15. And because "the interests of judicial economy are best served by upholding the clear and unequivocal deadlines contained in the Federal Rules,"[19] the parties are reminded to follow the rules.

## ORDER

For the foregoing reasons, the court GRANTS Defendants' Motion to Strike Amended Complaint.[20] The Amended Complaint[21] is hereby STRICKEN from the docket.

---

[17] Opp'n to Mot. to Strike Am. Compl. and, in the Alternative, Mot. to Dismiss 7, ECF No. 31, filed June 12, 2025, (quoting Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.")).
[18] Fed. R. Civ. P. 15(a)(2) (emphasis added).
[19] *Hakes v. Centennial Bank, Inc.*, No. 2:11-cv-1, 2011 WL 2014862, at *1 (D. Utah May 23, 2011).
[20] ECF No. 26.
[21] ECF No. 24.

Signed September 9, 2025.

BY THE COURT

_____
David Barlow
United States District Judge