THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AGNES J. MARTINEZ,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LANE S. WOLFENBARGER, PAUL D. MULLENAX, and SALT LAKE CITY,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S [32] MOTION FOR LEAVE TO AMEND COMPLAINT (*NUNC PRO TUNC*)**<br><br>Case No. 2:24-cv-00547-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Plaintiff Agnes J. Martinez's ("Ms. Martinez") Motion for Leave to Amend Complaint (*Nunc Pro Tunc*) against Defendants Lane S. Wolfenbarger ("Officer Wolfenbarger"), Paul D. Mullenax ("Officer Mullenax"), and Salt Lake City (the "City") (collectively, "Defendants").[1] For the reasons stated below, the court grants in part Ms. Martinez's motion.[2]

## BACKGROUND

Ms. Martinez filed her Complaint in July 2024, alleging Defendants violated her Fourth Amendment rights and seeking monetary compensation.[3] The court stayed the case until the pending state criminal proceeding against Ms. Martinez was resolved.[4] On May 21, 2025, the court lifted the stay after being notified that Ms. Martinez's criminal proceeding was finalized.[5]

---

[1] Mot. for Leave to Am. Compl. ("Mot. for Leave"), ECF No. 32, filed June 12, 2025.
[2] Having considered the briefing and relevant law, the court decides the matter without oral argument. *See* DUCivR 7-1(g).
[3] Compl.
[4] Mot. to Dismiss or Stay, ECF No. 13, filed Dec. 24, 2024.
[5] Order Lifting Stay, ECF No. 22, filed May 21, 2025; Notice of Finalization of Criminal Proceeding by Agnes J. Martinez, ECF No. 21, filed May 20, 2025.

On May 23, 2025, Ms. Martinez filed an Amended Complaint without leave of the court or Defendants' written consent.[6] In the Amended Complaint, Ms. Martinez added an equal protection claim against Officer Mullenax.[7] Defendants filed a Motion to Strike the Amended Complaint on the basis that it does not comply with Rule 15(a).[8] On September 9, 2025, the court granted Defendants' Motion to Strike.

Concurrent with her Opposition to Defendants' Motion to Strike, Ms. Martinez filed a Motion for Leave to Amend.[9]

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs pre-trial amendments to pleadings. In relevant part, the rule states, "A party may amend its pleading once as a matter of course no later than 21 days after serving it."[10] Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[11] When a party complies with the requirements of Rule 15(a), "[t]he court should freely give leave when justice so requires."[12]

"The Supreme Court has emphasized that leave to amend should generally be granted in 'the absence of any apparent or declared reason' to the contrary, such as 'undue delay' or 'undue prejudice to the opposing party by virtue of allowance of the amendment.'"[13]

---

[6] Am. Compl.
[7] *Id.* ¶ 101.
[8] Mot. to Strike 7–8.
[9] Mot. for Leave.
[10] Fed. R. Civ. P. 15(a)(1).
[11] *Id.* R.15(a)(2).
[12] *Id.*
[13] *Velocity Press v. Key Bank, NA*, 570 F. App'x 783, 788 (10th Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Ms. Martinez must seek the court's leave to file her Amended Complaint because the original Complaint was filed on July 31, 2024—months past the 21-day deadline.[14] Defendants oppose amendment to the complaint, asserting that it prejudices them because it is a futile claim and will require more discovery.[15] But Defendants have not filed an answer or responsive pleading to the original Complaint and discovery has not started. Defendants, therefore, have ample opportunity to prepare a defense to the additional claim. Thus, Defendants cannot establish undue prejudice sufficient to override Rule 15(a)'s mandate to "freely grant leave to amend when justice so requires."[16]

Therefore, the court concludes that because Ms. Martinez has complied with Rule 15(a) and Defendants cannot demonstrate "undue prejudice" by "allowance of the amendment" at this stage,[17] Ms. Martinez may amend her complaint. However, her request that such leave to amend be granted nunc pro tunc is entirely without support and is denied.

## ORDER

For the foregoing reasons, the court GRANTS in part Plaintiff's Motion for Leave to Amend.[18]

Signed September 9, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[14] The deadline for filing an amended complaint without leave or consent passed months before the case was stayed (from April 28, 2025 until May 21, 2025).
[15] Opp'n to Mot. for Leave 6, ECF No. 36, filed June 26, 2025.
[16] Fed. R. Civ. P. 15(a)(2).
[17] *Foman*, 371 U.S. at 182.
[18] ECF No. 32.